IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JASON BARNHART,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**FAIRFIELD MEMORIAL HOSPITAL,** )<br>**and STEVEN C. MITCHELL,** )<br>)<br>**Defendants.** ) | **Case No. 21-cv-01430-DWD** |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Now before the Court is the Motion to Dismiss Defendant Mitchell and Substitute the United States of America as Defendant (Doc. 3) and the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by Defendant Steven C. Mitchell and the United States of America (Doc. 6). Plaintiff has not filed a response to either Motion. For the reasons set forth below, the Motions will be granted.

**Background**

Plaintiff Jason Barnhart originally filed this lawsuit in the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois on April 13, 2021 (Doc. 1-2). Plaintiff alleged that Defendants Dr. Mitchell and Fairfield Memorial Hospital were negligent in treating Plaintiff on April 13, 2019 following Plaintiff's emergency surgery, ultimately resulting in irreversible damage to Plaintiff's esophagus and stomach (Doc. 1-2).

On November 15, 2021, Dr. Mitchell and the United States of America removed the case to federal court asserting that at all relevant times, Dr. Mitchell was an employee

of Christopher Greater Area Rural Health Planning Corporation ("Christopher Rural Health"), which is an entity of the United States Public Health Service ("PHS") eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233 (Doc. 1).

Dr. Mitchell now moves to substitute the United States as a defendant in his place (Doc. 3). Both Dr. Mitchell and the United States also move to dismiss the claims against them arguing that Plaintiff failed to exhaust his administrative remedies under the FTCA prior to filing this lawsuit (Doc. 6). The Court will address each Motion in turn.

## Motion to Substitute the United States (Doc. 3)

By this Motion, the United States of America, on behalf of Dr. Mitchell moves to dismiss the claims against Dr. Mitchell with prejudice and to substitute the United States in his place pursuant to the FSHCAA. The United States and Dr. Mitchell assert that in April 2019, Dr. Mitchell was a "deemed" federal employee of the United States PHS under the FSHCAA via his employment with Christopher Rural Health (*see* Docs. 1-2, 1-3). As such, the United States argues that Plaintiff's exclusive remedy is an action against the United States pursuant to the FTCA, which requires Dr. Mitchell to be dismissed and the United States substituted as a defendant.

Under the FSHCAA, the Secretary of Health and Human Services may deem eligible health care entities and their employees as designated employees of the PHS for certain purposes. *See* 42 U.S.C. § 233. Once deemed a PHS employee, an entity or individual enjoys immunity from those acts that relate to their employment, and any

2

actions against them are treated as actions against the United States. 42 U.S.C. § 233(a), (g). Specifically, 42 U.S.C. § 233(a) provides that an FTCA lawsuit against the United States is the exclusive remedy "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a); *see also Arteaga v. United States*, 711 F.3d 828, 830-31 (7th Cir. 2013) (Tort suits against employees of enterprises which receive federal funding from the United States Public Health Service can be maintained only under the FTCA).

In such cases, the Attorney General may certify that the employee "was acting in the scope of his employment at the time of the incident out of which the suit arose." 42 U.S.C. § 233(c). Upon certification, the employee is dismissed from the action, the United States is substituted as defendant in place of the employee, and the action is governed by the FTCA. *Id.; see also Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."). The Attorney General has delegated authority to certify a federal employee's scope of employment to the United States Attorneys. 28 C.F.R. § 15.4(a).

Here, the United States Attorney for the Southern District of Illinois has delegated his authority under 28 C.F.R. § 15.4(a) to the Chief of the Civil Division, who has certified that Dr. Steven C. Mitchell was acting within the scope of his deemed employment as an employee of the PHS during the timeframe referenced in Plaintiff's Complaint (Doc. 1-3).

3

Accordingly, the exclusive remedy available to Plaintiff for his claims against Dr. Mitchell is an FTCA lawsuit against the United States.

Finding that the FTCA applies here, and having no response from Plaintiff, the Motion to Dismiss Defendant Dr. Mitchell with prejudice (Doc. 3) is **GRANTED**, and the United States of America is hereby **SUBSTITUTED** as a defendant.

### Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 6)

On November 16, 2021, the United States of America[1] filed a motion to dismiss, or alternatively, for summary judgment, asserting that Plaintiff failed to exhaust the required administrative remedies prior to filing suit (Doc. 6). The United States argues that under the FTCA, a plaintiff must present his claim to the appropriate federal agency before filing suit. Specifically, 28 U.S.C. 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment unless the claimant shall have first presented the claim to the appropriate Federal agency, and his claim shall have been finally denied by the agency in writing.

In this case, the United States argues that Plaintiff failed to file any administrative claims regarding Christopher Rural Health or Dr. Mitchell with the United States Department of Health and Human Services before filing this lawsuit (*See* Doc. 6-1). Therefore, his claims must be dismissed.[2]

---

[1] Having dismissed Dr. Mitchell and substituted the United States as a defendant, the Court construes this motion as having been filed solely by the United States.

[2] Defendant notes, and the Court agrees, that when ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) for failure to exhaust, the Court may examine administrative documents, as the Court can take judicial notice of matters in the public record. *See Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003).

The failure to exhaust administrative remedies before filing suit under the FTCA mandates dismissal. *Old Nat. Tr. Co. v. United States*, No. 12-CV-0197-MJR-DGW, 2013 WL 3944432, at *3 (S.D. Ill. July 31, 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 113 S.Ct. 1980, (1993); *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)). "The purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005).

Plaintiff did not file a response to the motion to dismiss. Under Local Rule 7.1(c), the failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. Here, the Court exercises that discretion and finds Plaintiff's failure to file a response to be an admission of the merits of the United States' motion to dismiss. Accordingly, the Motion to Dismiss (Doc. 6) is **GRANTED**, and Plaintiff's claims against the United States are dismissed without prejudice.

## Conclusion

For the above stated reasons, the Motion to Dismiss Defendant Mitchell with prejudice (Doc. 3) is **GRANTED**. The United States of America is hereby **SUBSTITUTED** as a defendant in place of Dr. Mitchell.

The United States' Motion to Dismiss Based on Failure to Exhaust (Doc. 6) is **GRANTED**, and Plaintiff's claims against the United States in Count II are **DISMISSED without prejudice**. The alternative Motion for Summary Judgment is **DENIED**.

Remaining as a defendant is Fairfield Memorial Hospital. On December 14, 2021, Attorney Gino Paul Gusmano entered an appearance on behalf of Defendant (Doc. 12). It is unclear to the Court whether Defendant Fairfield Memorial Hospital filed any responsive pleadings in state court. To be sure, nothing has been filed by Defendant Fairfield Memorial Hospital in this Court.

Plaintiff has also not filed a single document in this case. Plaintiff is therefore **ORDERED TO SHOW CAUSE** why Fairfield Memorial Hospital should not be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's response shall be filed by **January 3, 2022**. **Failure to comply with the Court's Order shall result in dismissal of Defendant Fairfield Memorial Hospital**.

Considering the foregoing rulings, the Court will reset the Scheduling Conference currently set for December 28, 2021 until after the deadline for Plaintiff's response to this Order. The Scheduling Conference will be reset by separate notice.

**SO ORDERED.**

Dated: December 20, 2021

_____
DAVID W. DUGAN
United States District Judge