IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JASON BARNHART,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 21-cv-01430-DWD |
| | ) |
| **FAIRFIELD MEMORIAL HOSPITAL,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff Jason Barnhart alleged that Defendants Dr. Mitchell and Fairfield Memorial Hospital were negligent in treating him on April 13, 2019 following Plaintiff's emergency surgery (Doc. 1-2). On November 15, 2021, Dr. Mitchell and the United States of America removed this case to federal court asserting that Dr. Mitchell was eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233 via his employment with an entity of the United States Public Health Service ("PHS") (Doc. 1).

Dr. Mitchell and the United States then moved to have the United States substituted as a defendant for Dr. Mitchell (Doc. 3), and to have the claims against Dr. Mitchell dismissed without prejudice for a failure to exhaust administrative remedies (Doc. 6). On December 20, 2021, the Court granted both motions (Doc. 15). The United States of America was substituted as a defendant in place of Dr. Mitchell, and Plaintiff's

claims against the Untied States in Count II of his complaint were dismissed, without prejudice, for a failure to exhaust administrative remedies (*Id.*).  Now the only remaining defendant is Defendant Fairfield Memorial Hospital.

As further detailed in the Court's December 20, 2021 Order, Plaintiff has not participated in this case.  He has not filed a single document with the Court and did not respond to either of the Government's Motions.  Accordingly, the Court directed Plaintiff to Show Cause by January 3, 2022 as to why this matter should not be dismissed for a failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (*See* Doc. 15) (cautioning Plaintiff that a failure to comply with the Court's Order shall result in dismissal of Defendant Fairfield Memorial Hospital). Plaintiff has not responded to the Show Cause Order.

The Federal Rules of Civil Procedure permit the sanction of dismissal for failure to comply with court orders.  Rule 41(b) provides for involuntary dismissal of an action for failure to prosecute an action or to comply with court orders.  Fed. R. Civ. P. 41(b); *see James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted."). The decision to dismiss a lawsuit, either as a sanction for failure to comply with discovery orders or for failure to prosecute, is committed to the sound discretion of the District Court.  See   *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016); *McInnis   v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012).

Dismissal is regarded as a drastic sanction, appropriate when "there is a clear record of delay or contumacious conduct," such as a pattern of failure to comply with Court orders. *McInnis*, 697 F.3d at 664 (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)). While the Court should "consider less severe sanctions before dismissing for failure to prosecute," there is no requirement of "progressive discipline" or "'warning shot[s]' in the form of less severe sanctions." *Id.* at 665 (collecting cases). However, dismissal for lack of prosecution generally requires forewarning. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006).

The record here evinces a pattern of failure to comply with the Court's orders. Plaintiff has not filed a single document in this matter. He failed to respond to the United States' Motion to Substitute and Motion to Dismiss, and then failed to respond to the Court's Order to Show Cause. Under these circumstances, a sanction short of dismissal would not suffice because, as shown by the record in this matter, neither the Court's orders nor the parties' motions have succeeded in getting Plaintiff's attention. In short, Plaintiff has had multiple opportunities to participate in this litigation and has failed to do so. The Court has no reason to believe that any other sanction would trigger a different response. Further, Plaintiff's apparent disinterest in litigating this case would result in unfair prejudice to Defendant Fairfield and also waste Court resources. Finally, the fact that Plaintiff's failure to participate may be due to the inattentiveness of counsel "does not justify prolonging [this] litigation," as Plaintiff is bound by the actions (or inaction) of his counsel. *United States v. 7108 W. Grand Ave., Chi., Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). Therefore, the Court concludes that dismissal is appropriate under Rule 41(b).

It is therefore **ORDERED** that this action is **DISMISSED**, without prejudice, based on Plaintiff's failure to comply with this Court's Order (Doc. 15) and failure to prosecute. *See* Fed. R. Civ. P. 41(b).  The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**SO ORDERED.**

Dated:  January 6, 2022

_____
DAVID W. DUGAN
United States District Judge